# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JOSEPH LEE JONES,**

    **Plaintiff,**

v.                                       **CASE NO. 24-3209-JWL**

**JAY ARMBRISTER, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Joseph Lee Jones, who is currently detained at the Douglas County Jail in Lawrence, Kansas, brings this civil rights case under 42 U.S.C. § 1983. Plaintiff's claims are largely incomprehensible, but he appears to take issue with not being provided with a hard copy of the Bible or a tablet with access to the Bible. Plaintiff also claims that his toilet was not flushed for four days in October. *See* Doc. 1–1, at 1; Doc. 1–2.

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2). Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

---

[1] Prior to filing the instant complaint, the Court finds at least four prior civil actions and an appeal filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Jones v. State of Kansas*, Case No. 12-3229-SAC (D. Kan.) (complaint dismissed August 21, 2013, as frivolous and as stating no claim for relief); *appeal dismissed* (10th Cir. August 14, 2014, additional "strike" assessed); *Jones v. Biltoft*, Case No. 14-3041-SAC (D. Kan.) (complaint dismissed May 28, 2014, as frivolous); *Jones v. U.S. Copyright Office*, Case No. 14-3078-SAC (D. Kan.) (complaint dismissed October 14, 2014, as stating no claim for relief); *Jones v. U.S. Copyright Office*, Case No. 14-3108-SAC (D. Kam.) (complaint dismissed August 27, 2014, as frivolous, duplicative, and abusive).

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id.* (citation omitted).

The Court has examined the Complaint and attachments, and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **December 20, 2024,** to submit the $405.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS SO ORDERED**.

**Dated November 21, 2024, in Kansas City, Kansas.**

                                               **S/ John W. Lungstrum**
                                               **JOHN W. LUNGSTRUM**
                                               **UNITED STATES DISTRICT JUDGE**