IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

    **Plaintiff,**

    v.                                      CASE NO. 24-3209-JWL

JAY ARMBRISTER, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Joseph Lee Jones, who is currently detained at the Douglas County Jail in Lawrence, Kansas, brings this civil rights case under 42 U.S.C. § 1983. On November 21, 2024, the Court entered a Memorandum and Order (Doc. 3) ("M&O") denying Plaintiff leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury. The Court granted Plaintiff until December 20, 2024, to submit the $405.00 filing fee. Plaintiff has failed to pay the filing fee by the deadline in the Court's M&O.

The Court found in the M&O that Plaintiff's claims are largely incomprehensible, but he appears to take issue with not being provided with a hard copy of the Bible or a tablet with access to the Bible. Plaintiff also claims that his toilet was not flushed for four days in October. *See* Doc. 1–1, at 1; Doc. 1–2. Although Plaintiff has failed to pay the filing fee, he has filed a motion for preliminary injunction (Doc. 4), another motion for leave to proceed in forma pauperis (Doc. 5), a Motion to Delay Dismissal in Support of Temporary Waiver of Docket Fee (Doc. 6), an Amended Complaint (Doc. 7), and a Motion for Stay of December Dismissal in Support of Waiver of Filing Fee Pre-pay (Doc. 8).

Plaintiff's motions are unrelated to his claims in his original Complaint, with Plaintiff making various claims, including: he has to fight bugs crawling in his ears and nose and needs scotch-tape to trap for evidence (Doc. 4, at 1); mites could cause medical problems, are hard to see, and he had to smash a mite on his tablet screen (*id*.); jail officials rely on over-worked guards to clean cells instead of hiring inmate trustees (*id*. at 2); the window in cell 321 was covered with feces for weeks and Plaintiff had to tell them to clean the back of the door (*id*.); there are cracks in his ceiling, the inmate above him floods his cell, and "poopy water" rains in Plaintiff's cell (Doc. 6, at 1, Doc. 8, at 1–2); and Plaintiff is being told to clean his cell when it needs to be power-washed (Doc. 7, at 11).

In his Amended Complaint, Plaintiff now complains about the cleanliness of his cell—cell number 324. (Doc. 7, at 2.) Plaintiff claims that the backs of the cell doors were not checked or cleaned properly and cell 321 (his prior cell) had feces on the window. *Id*. at 3. Plaintiff alleges that his food comes through the door and he had to file several complaints "before they finally attempted to clean one door and still knowingly fail to clean the rest and refuse to hire inmate workers to since jail won't clean it themselves all the way each door." *Id*. He claims that he had to live in cell 321 during November 2024, and "it wasn't until weeks later the jail started to clean the back of just that cell door . . . [and Plaintiff] had to force [the] jail to see the problem." *Id*. at 5. Plaintiff also claims that he does not have access to a Bible on the tablet and was denied a tablet. *Id*. at 7.

The claims in Plaintiff's original Complaint focused on the lack of access to a Bible and the denial of a tablet. Plaintiff also alleged that his toilet was not flushed for four days in October and that they "wouldn't clean the cells of [Plaintiff's] neighbor inmates." (Doc. 1, at 7.) The remainder of Plaintiff's Complaint addresses patents and fractal research and is largely

incomprehensible. However, Plaintiff does not allege in his Complaint that his cell was unsanitary or otherwise make any of the claims that he makes in his subsequent motions and Amended Complaint.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted). None of Plaintiff's filings show that he was in imminent danger of serious physical injury when he filed his Complaint.

Plaintiff has failed to pay the filing fee by the deadline set forth in the M&O. The M&O provides that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 3, at 2.)

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*.

(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders. Plaintiff's motions are denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's motions (Docs. 4, 5, 6, and 8) are **denied as moot.**

**IT IS SO ORDERED**.

**Dated December 23, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**